M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of ejectment, brought by Mullanphy against McAllister and Boler, for six hundred and forty arpens of land situate in the county of St. Louis, being sixteen arpens in width and forty arpens in length, east and west, bounded on the east by the Mississippi river, and originally conceded to Antoine Morine; also for two hundred acres of woodland, two hundred acres pasture, two hundred acres of land covered with water; also for a messuage and barn; and then the declaration continues and concludes in the usual form. The general issue was made and the cause was submitted to the Court without a jury, and the Court took till the next term to consider, and then without making any other disposition of the cause, referred the issue and cause to a jury, taking no notice of the former submission to the Court. The jury found generally for the plaintiff. The defendant moved the Court for a new trial, because the verdict was against law and evidence, and against the instructions of the Court. There is no bill of exceptions in the case. Of course we cannot say that the Court did wrong in refusing a new trial. The plaintiff entered a remittiter of all the land in the declaration mentioned, except two arpens by forty, and the Court gave judgment for the balance not remitted. The error assigned by the plaintiff in error is, that it was error to submit the cause to a jury after it had been submitted to the Court, and that the Court erred in allowing the remittiter and entering judgment thereon.
As to the first point, it is believed that the matter is not assignable for error, and that, at most, the fault, if any, can only be taken advantage of as an irregularity. But no difference is perceived to exist between this case and the case where a jury seperate and go home, and never deliver a verdict. It would he a mis-trial. Here the Court to whom the cause was submitted by the parties as a jury, took up the consideration of the cause in the capacity of a jury and never gave a verdict. No error in law was committed, by failing to give a verdict, though it might have been a neglect of duty. When the cause was again called and a jury about to be empannelled, then an objection might have been made to submitting the cause to a jury. No such thing yras done. The party stood by, and now wishes to make -an objection. It is now too late.
The next point is, did the Court err in allowing the remittiter. It is not denied that the plaintiff in ejectment may enter a remittiter, where the finding is for too much, to avoid a new trial. In this case it is said that this Court cannot see whether the remittiter was for the thing which was not proved, and that the record does not *29 show it to he so. The answer to this is, that if in truth the remittitef was for the wrong thing, the plaintiff should show to this Court that it was so. This he could have done by saving the testimony 5 but as the matter stands on the record, we will hold the Circuit Court did right, till the contrary is shown.
The judgment of the Circuit Court is affirmed, with costs.